Dissenting Opinion on Motion to Dismiss.
Taliaferro, J.
Numerous grounds for the dismissal are stated; the more prominent of which are the following :
First — No order of appeal was rendered by the judge of the Superior District Court by whom the judgment complained of was rendered and who alone could grant the same.
Second — The judge of the Superior District Court could be replaced by an attorney or by another judge only in those cases in which he was recused or interested.
Third — That the judge of the Superior District Court was neither recused nor interested in this case, and properly decided it.
Fourth — There exists no legal enactment authorizing a judge to act in the place of another in any other case, and if any law is claimed to exist it is unconstitutional and void.
Fifth — -Under no circumstances, except a constitutional provision, which is not to be found, could the General Assembly authorize the judge of the Second District Court of the parish of Orleans, a court of limited and probate jurisdiction, to act in the absence of and for the judge of the Superior District Court for the parish of Orleans, which has exclusive jurisdiction of certain persons and matters.
Sixth — The judge of the Second District Court, who made the order of appeal, was not the de facto judge of the Superior District Court, and *226 did not claim, to be the judge thereof, as, on the contrary, the order is issued by him as judge of the Second District Court merely acting in the absence of the judge of the Superior District Court.
Seventh — The judge of the Second District Court could not have passed on the matters involved in this case had they been presented to him as judge of the Second District Court, and could not have exercised in the Superior District Court functions and powers as the acting judge of said court which he did not possess as the judge of the Second District Court.
The question presented by this motion is, was the judge of the Second District Court competent, in the absence of the judge of the Superior District Court, to grant the order of appeal that he did grant from a judgment rendered by the judge of the Superior District Court? I have been at some pains to examine the constitutional and statutory provisions which relate to the powers, duties, and functions of district judges, and have not succeeded in finding any warrant of law now in force to authorize an answer to this question in the affirmative. I find no law that sanctions the exercise vicariously by judicial officers inter sese of the functions appertaining to the judicial office. In cases of recusation for lawful cause, and also in case of interest in the suit, the judge before whom the suit is brought is disqualified and declared incompetent to try it. The State constitution, article ninety, provides that in the former case the judge shall appoint an attorney at law» having the qualifications of a judge of his court, to try such, suit, and in the latter case he shall call in the parish or district judge, as the case may be, to try it. But in proceeding to hear and determine the case, the judge or attorney called in is not exercising functions which the recused judge might legally exercise; on the contrary, he is called to preside for the very reason that the recused functionary is wholly without jurisdiction of the particular matter presented. But, in the case before us, when the judge of the Second District Court granted the order of appeal he performed an act which the judge of the Superior District Court was in no manner incapacitated to perform. No question arose as to his competency. The action taken by the judge of the Second District Court arose solely from the absence of the proper judge, and to facilitate proceedings; assuming, as it were, to represent the absent judge and perform his functions as an accommodation to him and to prevent delay to parties litigant in his court.
The interchange system between district judges, which formerly existed under the act of March 15, 1855, if it could have been construed as conferring upon the judges the power of alternately performing the duties of each other, never had any application to the district judges of the parish of Orleans, being exclusively confined to the country dis *227 ■tricts. The State constitution, article eighty-three, directs that for each district court one judge, learned in the law, shall be elected for each ■district by a plurality of the qualified electors thereof. In respect to the seven district courts established by this article of the constitution for the parish of Orleans, we find that the first has exclusive criminal Jurisdiction, the second exclusive probate jurisdiction, the third exclusive jurisdiction of appeals from justices of the peace; the fourth, fifth, sixth, and seventh exclusive jurisdiction in all civil cases except probate, when the sum in contest is above one hundred dollars, exclusive of interest.
In the organization of the courts, the principle of exclusiveness and distinctness in. the-exercise of the powers conferred upon them seems to have been steadily kept in view, and I think no fair interpretation of the constitutional provisions on the subject, as well as the enactments of the General Assembly bearing on the same subject, will justify the conclusion that a judge of any district court may legally take judicial action in a case pending in a court other than his own when the proper judge of that court has jurisdiction of the case, and is under no legal disability to try and determine it.
There did exist, prior to the adoption of the constitution of 1868 and the statutes regulating courts under it, a provision of law authorizing this alternative jurisdiction by the judges of the district courts of New Orleans. Section 13 of act No. 255 of the acts of 1855 provides that “it shall be the duty of each of the judges of the district courts of New Orleans, commencing with the judge of the first district court, to hold alternately during one week the court which any one of the judges may be incapacitated from holding by reason of illness or by leave of absence.” This act No. 255 of the acts of 1855 was approved on the 14th March, 1855. But the thirteenth section of this act is repealed by the act of 1870, entitled “an act to prevent conflict of jurisdiction between the several courts of this State and to punish the same.” The first section of this act provides “that whenever a suit or a judicial proceeding is instituted in any of the courts of the parish of Orleans, in this State, where such court has jurisdiction, all parties to such suit shall be confined exclusively to such court for the trial of all issues or matters that may arise in the course of such litigation, or out of the judgment rendered in such litigation; and no other judge shall have jurisdiction to grant orders of injunction, sequestration, provisional seizure,.arrest, prohibition, quo warranto, or any other order by which the proceedings in such litigation or judgment rendered therein, or the property in litigation, or persons of the parties in the litigation, shall be stayed or in any manner interfered- with or interrupted; nor shall any other judge grant any of the above, orders in favor of any party not a party to such. *228 litigation or judgment, claiming to have an interest therein or to be affected thereby; but that all such orders shall be granted by the judge before whom the original suit or judicial proceeding was instituted; provided, that no provision in this section shall apply to the Supreme Court or the judges thereof.” The provisions of this act of 1870 being plainly inconsistent with the thirteenth section of the act of 1855, before referred to, the latter is repealed.
I therefore conclude the motion to dismiss ought to be sustained.
Chief Justice Ltidelino concurs in the dissenting opinion.